ADOLFO SAAVEDRA SOLÁ ET AL., Plaintiffs and Appellants, v. AUGUSTO SAAVEDRA RIQUELME ET AL., Defendants and Appellees.

No. 6166.   Argued May 3, 1933.—Decided February 24, 1934.

R. Martínez Nadal, E. Martínez Rivera, and M. García Méndez for appellants. José Sabater for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Adolfo and Fernando Saavedra were equally the owners in common of a rural piece of land of 301.30 acres, mortgaged to the Federal Land Bank of Baltimore in the sum of $5,000. At the time of the events described in the complaint the limit of the amount that could be loaned by the bank to any one person was $10,000. Adolfo had already obtained $5,000 on another mortgage from the same bank. As the Saavedras needed more money for agricultural purposes, Adolfo ultimately made of the 301.30 acres a nominal sale of 150.655 to Augusto Saavedra Riquelme, his son. The latter agreed that upon obtaining from the bank $9,500 and certain shares amounting to $500 more he would turn the said proceeds over to his father and return the mortgaged property. The money and shares were obtained from the bank. Then Augusto, having turned over a part of the money, upon demand refused to turn the balance of the money so received, amounting to $5,138.69, and withheld

likewise the shares. These facts and others appear from the complaint, to which a demurrer was filed. The court sustained the demurrer.

It is unnecessary to consider the various prayers for relief contained in the complaint, as the district court held that the contract between father and son was vitiated by fraud and the father could have no recovery at all. The court held that the combination arose to defeat the law and the rules of the Federal Land Bank of Baltimore; that the contract was illegal and against public policy, and that the maxims *In pari delicto potior est conditio defendentis* and *Ex dolo malo, non oritur actio* were applicable, citing various authorities.

As appellants point out, no one appears to be complaining that the bank itself was cheated. The primary object of the supposed combination or redistribution of property was to obtain more money from the bank and no one has so far suggested that the 301.30 acres were not at the time of these mortgages amply able to respond to the amount loaned on them. At the time of the alleged transfer from father to son no crime was committed. If the father had wanted to give his son a chance to raise this money for the son's own uses, no illegal transaction would have arisen and no crime committed against any law of Puerto Rico. The private contract between father and son in no way affected or injured the bank, which presumptively was taking all necessary security. More than one person was legally obligated to the bank, and the latter could hold both father and son if the securities failed.

The maxims above referred to are rather more applicable to cases where the immediate transaction between the parties was fraudulent, not to some collateral result.

The case of the appellants does not depend upon the supposed illegal transaction, but upon the independent promise of the son. No one should be allowed to enrich himself

as here the son would do. The scourge of the law does not go so far.

The judgment must be reversed and the case sent back for further proceedings not inconsistent with this opinion.